## DRAKE & a., *Ap'ts,* v. McQUADE & a.

### SHELTERS, *Ap't,* v. SAME.

When an agreement for a compromise has been signed by the requisite number of creditors, as provided in Laws 1885, c. 85, s. 11, a creditor whose debt is provable is entitled to receive the percentage on the amount of his claim as stated in the list of creditors filed by the debtor, although he has not signed the agreement nor proved his claim.

In such a case, if the debtor refuses to pay, the creditor's remedy is by a suit to recover the percentage, and not by petition to the insolvency court to set aside the discharge.

SMITH, J.  August 8, 1888, the defendants were decreed insolvent upon the petition of a creditor, filed July 25, 1888.  September 19 they were discharged, upon an agreement signed by three fourths in number of their creditors holding three fourths of all their indebtedness whose debts exceeded the sum of fifty dollars. The plaintiffs were seasonably notified of the insolvency proceedings, but neglected to prove their claims.  They understood that if a compromise agreement was effected they would share with the other creditors without proving their claims, and would be compelled to accept the percentage agreed upon.  October 8, the

plaintiffs, not having received the percentage which the defendants had paid or were paying the other creditors, presented their claims to the judge of probate with a petition praying that the discharge be rescinded and their claims be allowed. The petition, after a hearing, was dismissed, and the plaintiffs appealed.

The defendants filed with the compromise agreement the affidavit required by the statute (Laws 1885, *c.* 85, *s.* 11), except that it was sworn to before a justice of the peace instead of the judge of probate, but neglected to annex a schedule containing a correct statement of their assets and liabilities. They had previously filed a list of their creditors and a schedule of their property, verified by their oaths as required by section 7. In the list the names of the plaintiffs appear as creditors, with the amount of their respective claims. As the result we have reached is not affected by the omission to annex the schedule·required by section 11 and by the omission to take the oath before the judge, we have not considered what the result might be in a proceeding to set aside the discharge for these omissions.

The statutory provision for a compromise proceeds upon the ground that the debtor will pay all his creditors the percentage which the requisite number agree to take. There is nothing in the statute which limits payment to such creditors as sign, or to such as prove their claims, and nothing to show that the legislature intended to secure to the debtor a discharge from all his debts upon payment of a percentage to a portion only of his creditors. If by the word "creditors" in the sentence in section 11, which reads "and at the same time shall also produce an agreement signed by three fourths in number of his creditors holding three fourths of his indebtedness," etc., was meant creditors who have proved their debts, we should expect to find it so expressed in the statute. Why he should be required to annex to his affidavit a schedule of his liabilities, if it is not to be considered in determining whether the requisite number and amount of creditors have signed the composition, is not apparent. That the requisite number is determined by the schedule, with such other creditors in addition as prove their claims, and not solely by the number and amount of claims proved, seems clear not only from the language of section 11, but from the fact that the first meeting of the creditors may be had within the time allowed for proving claims. Laws 1885, *c.* 85, *ss.* 2, 5. The discharge may be granted within a month from the date of the assignment. No reason appears why the words "the amounts of which are correctly stated against our respective names" were inserted in the form for the agreement to be signed by the creditors in section 11, if formal proof is essential.

When all the debtor's property not exempt from attachment is to be divided among his creditors, proof of their claims is necessary to enable the insolvency court to determine who are entitled

to share in the dividends.    But when the insolvency proceedings are interrupted by an agreement for a compromise, proof of claims as between the creditors is unnecessary.    Each creditor receives the percentage fixed by the agreement without regard to the number of creditors, the amount of their claims, or the amount of the debtor's assets.    In determining whether the agreement for a compromise is signed by the necessary number of creditors having the required amount of claims, the court may consider any competent evidence.

The provisions of sections 11, 12, 13, and 14 are independent of nearly all the rest of *c.* 85, Laws 1885, and of *c.* 140, Gen. Laws.    They are derived from the United States bankruptcy law (U. S. Rev. Sts., *s.* 5,103), and the obvious object is the same, viz., to enable the debtor with his creditors' consent to get a speedy and inexpensive discharge.    No assignee need be appointed; no claims need be proved.    Except the assignment, and the filing by the debtor of the list of his creditors and a schedule of his property, most of the things required by *c.* 140, Gen. Laws, and by the other sections of the act of 1885, need not be done.    By the express terms of the United States statute, a creditor whose name was not in the debtor's list was not affected by the composition. It provides that the proceedings for a compromise "shall be as binding in all respects on any creditor whose debt is provable, who has not signed the same, as if he had signed it, and on any creditor whose debt, if provable, is not proved, as if he had proved it."

No reason appears for requiring creditors named in the debtor's schedule to prove their debts when the proceedings are under section 11, if they are content with the amounts stated to be due them.    If a larger sum is stated than is due, no one but the debtor is injured thereby.    The case is different when his property is distributed under section 22.

But the question is not whether those creditors only who have proved their debts can vote on the question of composition, *i. e.*, be counted to make the three fourths in number and amount: it is whether, after the composition is adopted, a creditor must prove his debt in order to be entitled to the agreed percentage, or is excluded if he has failed to prove it.    Why proof should be required if he claims no more than his debtor agrees is due him,— no more than the debtor has stated in his schedule to be his due,— or why the debtor should be excused from paying the agreed percentage of a debt which he admits is due, are questions not easily or satisfactorily answered.    Creditors whose claims do not exceed fifty dollars have no voice on the question of composition; yet if formal proof is necessary they must prove their debts, though correctly stated in the schedule.

If it be conceded that a creditor opposed to the composition has a right to object that the claims of creditors in favor of it are less than the amounts stated in the schedule, and to require them to

be proved, still that is not the question here. The question now is, whether they must be formally proved when no one objects to them, as stated by the debtors. For reasons already given, we think not.

The plaintiffs pray that the discharge granted to the defendants may be rescinded, and that they be allowed to prove their claims. As proof of their claims is unnecessary, the appeal should be dismissed. The plaintiffs have mistaken their remedy: they should sue for the agreed percentage. Neither party should recover costs in this appeal.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.

*J. H. Andrews*, for the plaintiffs.

*Sulloway & Topliff* (*D. F. O'Connor* with them), for the defendants.